## Case No. 350.

### In re ANDERSON.

[7 Biss. 233;[1] 12 N. B. R. 502.]

District Court, W. D. Wisconsin. July, 1876.

#### GUARANTY—DOES NOT MAKE SECURED DEBT.

A guaranty is not such a security under the meaning of the bankrupt law that the creditor must surrender it to the assignee if he desires to prove his debt in full, and such creditor has the right to prove such debt as an unsecured one.

[Cited in In re Broich, Case No. 1,921; In re May & Co., Id. 9,327; In re Kinne, 5 Fed. 60.]

In bankruptcy. The bankrupt, in order to obtain credit from the firm of Richards, Shaw & Winslow, procured John Servis to guarantee the payment of goods purchased of them by him to an amount not exceeding two thousand dollars, whereupon credit was extended to him by said firm to the sum of about three thousand dollars and he was indebted to them to about that amount for goods sold, when he was adjudicated bankrupt, two thousand of which was secured by the guaranty of Servis as hereinbefore mentioned. After the bankruptcy, the said firm made and filed with the register, Hon. C. Graham, proof of the whole claim as unsecured. The proof contained the usual allegations of no payments or security except the guarantee as aforesaid. The assignee and some of the other creditors objected to the allowance of the whole as an unsecured claim against the bankrupt, contending that to the extent of the amount guaranteed it should be treated as a secured debt and proven as such. Thereupon, the register, at the request of the attorneys of the respective parties, submitted and certified to this court the question "whether said claim should be allowed in gross as proven, or whether it should be allowed and proven in two separate items, one for two thousand dollars as secured, and one for one thousand and sixty-three dollars and forty cents, being the balance of the account, as unsecured."

Cameron & Losey, for assignee.
Wing & Prentiss, for creditors.

HOPKINS, District Judge. The counsel for the assignee has submitted an argument to me, in which it is insisted that the account to the extent of the amount guaranteed is a secured debt and should be proven as such. It is not denied but that the bankrupt was indebted to those creditors for goods sold him in the amount stated in the proof. The only question, therefore, is one of law, that is, whether this debt, to the extent of the guaranty of Servis, who is good, and responsible for the amount of it, is to be regarded as a secured debt within the meaning of the bankrupt law. This depends

[1][Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

upon the proper interpretation of section 5075, Rev. St. That section reads: "When a creditor has a mortgage or pledge of real or personal property of the bankrupt, or a lien thereon, to secure the payment of a debt owing to him from the bankrupt, he shall be admitted as a creditor only for the balance of the debt due after deducting the value of such property. * * * Or the creditor may release or convey his claim to the assignee upon such property and be admitted to prove his debt. * * * If the property is not so sold or released and delivered up, the creditor shall not be allowed to prove any part of his debt." This is the provision in regard to proving secured debts, and it so clearly defines the kind of security meant, it seems to me that there can be but little doubt that a debt secured by the guaranty or indorsement of a third person does not fall within the purview of the acts. The security must be upon property real or personal of the bankrupt, that may be surrendered or conveyed to the assignee, and the estate in his hands be augmented thereby. It, in terms, applies only to security of property upon bankrupt. It has been held both in this country and England (where the statute is similar to ours) that when a debt of the bankrupt is secured by the guaranty or indorsement of a third party and such third party has secured the debt by mortgage on his own property, that such a case was neither within the spirit or meaning of the act. A creditor holding such a security could not by a release or surrender use it for the benefit of the bankrupt's estate. In the assignee's hands it would be wholly unavailing. It has also been held that a creditor holding security upon the separate estate of the wife of the bankrupt for his debt is not a secured creditor within the act, and may prove his debt as unsecured. Ex parte Hedderly, 2 Mont. D. & D. 487; Ex parte Parr, 18 Ves. 65. The rule is stated that a creditor has a right in bankruptcy to prove and avail himself of all collateral securities from third persons to the full extent of the debt. Section 6075,[2] in harmony with this conclusion, provides that when a party is liable upon a note or contract as a member of two firms having distinct estates to be wound up in bankruptcy, the debt may be proved as against both. See, also, in further elucidation and support of this view, Ex parte Goodman, 3 Madd. 373; In re Plummer, 1 Phil. Ch. 56; Peacock's Case, 2 Glyn & J. 27; Ex parte Adams, 3 Mont. & A. 157. The English authorities on this point were examined and approved by Justice Story, in Re Babcock, [Case No. 696.] That was the case of an accommodation acceptor of a bill of exchange going into bankruptcy, and the holder of the bill having attached certain property of the drawer, and having also proved his debt against the acceptor's estate.

Judge Story said: "Admitting the attachment to be a security and the bankrupt to be an accommodation acceptor, it is clear that the creditor has a right to proceed against the bankrupt for his debt in bankruptcy, and also against the other parties to the bill under his attachment until he has recovered the full amount of his debt, for it is not a security given by the bankrupt of his own property." That case was like this in some respects, for it seems that creditors had a suit pending, when the adjudication was had, against Servis, their guarantor, in which I learn from the counsel's argument, they had attached property of the guarantor. In Re Cram, [Case No. 3,343,] this question is very fully considered, and the same conclusion reached as I have arrived at in this case. Further support of this interpretation is found in section 5070, which authorizes indorsers or guarantors of bankrupts to prove such debt when not paid, in case the creditor holding them fails to make proof thereof, and thus obtain the benefit of all dividends in reduction of their liability. That class of persons are within the protection of the bankrupt act—are regarded as quasi creditors of the bankrupt, and entitled to have the dividends applied, as far as they go, in extinguishment of their liability for the bankrupt.

The assignee has no claim upon them or against them; they are in no sense liable to the bankrupt's estate, but the estate is under legal obligation to pay and protect them. In Raikes v. Todd, 8 Adol. & E. 846, a guaranty very similar to this was under consideration, and in that case, as in this, the principal debtor had gone into bankruptcy, and the creditor had proven his whole debt, which was in excess of the amount guaranteed. The guaranty being for a sum not exceeding two thousand pounds, and the whole debt proven being over twenty-four hundred pounds; a dividend had been paid the creditor upon the whole claim proven, of about three hundred pounds, leaving over two thousand pounds due, and an action was prosecuted against the guarantor for the two thousand pounds, the amount guaranteed by him. The defendant pleaded the amount of the dividend ratably applicable to the amount guaranteed as a payment pro tanto, and contended that it was to be distributed ratably over the whole balance, and that his liability was discharged to the extent of the dividend applicable to the amount guaranteed by him; that as a security under this bankrupt act (the same as under ours) who had paid a debt, could stand in place of the creditor, the declared dividend should be appropriated as so much upon every distinct pound; the plaintiff contending that he might recover the dividend on his own proof and apply the whole in reduction of the excess above the sum guaranteed. This claim of the plaintiff, however, was not sustained. The court held that the security was to pay

[2][12 N. B. R. 502, gives section 5074.]

only the excess of the sum which he guaranteed over and above the dividend paid in respect of such sum. Bardwell v. Lydall, 7 Bing. 489, is to the same effect. This seems to me a correct exposition of the meaning and principle of these provisions of the bankrupt act, in regard to sureties for the bankrupt, and secures to them the benefits and protection contemplated by the act. Applying this doctrine to this case, these creditors would be required to apply the dividend paid in respect to the amount guaranteed by Servis in reduction of the claim upon him, each dollar of the claim being considered as reduced to the extent of the dividend paid by the bankrupt's estate. In that way the guarantor gets the same benefit as if he had paid the two thousand dollars guaranteed and then proved it up himself. It is in legal effect the same as paying it to the guarantor, as it is paid for his benefit and in extinguishment of his liability. This view of the equities of the case and the legal rights of the parties shows very clearly to my mind that the creditor not only has the right to prove for the full amount, but that it is a legal duty to do so if he proves at all. I, therefore, hold that these creditors, Richards, Shaw & Winslow, have the right to prove their full debt against the estate of the bankrupt in this case as an unsecured debt, and remit the matter to the register with direction to proceed in accordance with this opinion.

See, also, Re Broich, [Case No. 1,921.]